McPablakd, J.,
delivered the opinion of the court:
This action upon a note commenced before a justice of the peace.
Upon the trial in the circuit court the defendant obtained an offset or abatement on account of the unsoundness of the bacon for which the note was given, upon the ground that there was a warranty of soundness. The plaintiff took a bill of exceptions and appealed. The circuit judge said to the jury that “a sound price implies a warranty of the soundness of the article sold,”
1 “Jf the preponderance of proof should satisfy the jury that the defendant had an opportunity to inspect the meat, and bought upon his 'own judgment, the plaintiff would not he liable. But if the defendant bought upon the warranty of the plaintiff., ox paid a- sound — that is, a high price — price for the article, the unsoundness of which was not visible, the plaintiff would be liable for the damages.’' This charge, we think, is erroneous. The sale of an ascertained and specific chattel which the buyer has inspected is without any ■ implied warranty as to quality. See Benjamin on Sales, sec. 644.
This rule has been adopted in this state: See the authorities collected in King’s Digest, sec. 12000 et seq.
From the statement in Blaekstone, adopted by Mr. Chitty, it might be inferred that there is an exception as *378 to tbe sale of provisions. But if tlie exception exists, it applies only to “victualers, butchers, and other common dealers in victuals,” and not to persons who may occasionally sell bacon or articles used for food.
But from a review of the authorities, Mr. Benjamin concludes that no such exception exists; that the liability of the dealer in provisions was in the old cases held to result from the statutes against selling unwholesome provisions, or upon his lmowledge of the unsoundness, which would render him liable to an action for the deceit. See Benjamin on Sales, secs. 670-672.
Reverse the judgment, and remand the cause for a new trial.